FILED
11/8/2021 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

Case 3:22-cv-00551-C   Document 1-2   Filed 03/08/22   Page 1 of 24   PageID 7

Cause No. ___DC-21-16320___

| | | |
|---|---|---|
| ROGEER GEARY, <br> PLAINTIFF | § | IN THE DISTRICT COURT |
| vs. | | 68th |
| AMERICAN SCIENCE AND <br> ENGINEERING, INC. <br> d/b/a RAPISCAN SYSTEMS, | § | _____ JUDICIAL DISTRICT |
| DEFENDANT | § | OF DALLAS, COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Roger Geary, Plaintiff, complains of American Science and Engineering, Inc., Defendant, and for cause of action would respectfully show the Court as follows:

### 1. DISCOVERY CONTROL PLAN

1.1    Plaintiff requests a Level 2 discovery plan.

### 2. PARTIES

2.1    Plaintiff is Roger Geary, an individual who resides in the City of Garland, Dallas, County, Texas.

2.2    Defendant, American Science and Engineering, Inc., 829 Middlesex Turnpike Billerica, MA USA 01821 is a Texas corporation purportedly duly organized under the laws of Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-lawyers Incorporating Service Company, at the corporation's registered address, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

### 3. FACTS

3.1    On or about November 9, 2021 Plaintiff, was working for Defendant in his course and scope of business repairing a scanning machine. The company policy was to use lifts to carry

Plaintiff's Original Petition

EXHIBIT
1

Page 1

tools to the top of the scanning machines.  Plaintiff's employer told Plaintiff no lift was available and to carry the tools himself and get the job done as soon as possible.

3.2    Plaintiff hurt his back carrying the heavy tools.  Plaintiff reported the injury to his employer then traveled back to Texas to seek medical treatment.

3.3    Plaintiff was informed by the Defendant that they had worker's compensation insurance. Plaintiff made a claim with the Texas Department of Insurance, Worker's Compensation Division and the claim was denied because Defendant does not have worker's compensation insurance.

## 4.  CAUSE OF ACTION AND VENUE

4.1    This suit is brought in accordance with the laws of the State of Texas for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiffs are entitled to receive as compensation for the injuries described below.

4.2    Plaintiff is a resident of Dallas, County, Texas.

4.3    Accordingly the Court has jurisdiction over this matter and Venue is proper in Dallas County, Texas.

## 5. CAUSE OF ACTION AGAINST DEFENDANT

5.1    Plaintiff alleges that, Defendant was negligent and that Defendant's negligence proximately caused the incident wherein Plaintiff sustained personal injuries. Plaintiff's damages are in excess of the court's minimum jurisdictional limits.

5.2    Defendant was negligent as follows:

   a.    In failing to provide a safe work environment,

   b.    In failing to provide lift assistance for carrying tools in excess of fifty pounds up a ladder,

   c.    In failure to provide the proper safety harness and equipment to climb a ladder.

### 6. Alternative claims

**Course and Scope of Employment:**

6.1     On or about November 9, 2017 which was the date of the incident which caused Plaintiff's injuries, Plaintiff was acting in the course and scope of his employment and an agent or servant for and on behalf of Defendant

**Gross Negligence:**

6.2     At the time the of the incident complained of herein, Defendant:

> a.     Knew the proper lift equipment was needed to carry tools over fifty pounds to the top of a structure and the order was in violation of company policy;

> b.     Knew scaling a ladder carrying heavy equipment is extremely dangerous but disregarded the know danger; and

> c.     Was aware of the extreme danger and ordered Plaintiff to carry the heavy tools and equipment and knew it would result in injury to the Plaintiff.

Plaintiff would show that Defendant's conduct constitutes a reckless disregard for the rights of others and /or was the result of conscious indifference to the rights, welfare and safety of others. Accordingly, Defendant was grossly negligent and such gross negligence was a proximate cause of Plaintiff's damages.   Plaintiff is therefore entitled to recover punitive damages from Defendant.

### 7.  PERSONAL INJURIES

7.1     Plaintiff alleges that as a direct and proximate result of the negligent conduct of the Defendant, he has suffered and is suffering from severe bodily injuries to  his head, neck, back, shoulders and legs resulting in injury to his or her body as a whole.

7.2     In connection with such injuries, Plaintiff has suffered severe physical pain and mental anguish in the past and is suffering at the present, and in all reasonable probability will continue to suffer for the rest of his or her life.

7.3     Plaintiff has necessarily incurred reasonable medical expenses in the past in the proper diagnosis, care and treatment of his injuries.  The injuries are such that, in reasonable probability, he will necessarily continue to incur reasonable medical expenses in the future for the proper care and treatment of the injuries.

7.4     Plaintiff has sustained physical pain, mental anguish, physical impairment and disfigurement in the past, and will, in reasonable probability, sustain sustained physical pain, mental anguish, physical impairment and disfigurement in the future.   Plaintiff has lost wages in the past and his injuries are such that, in reasonably probability, He will suffer a loss of wage-earning capacity in the future.

7.5     Plaintiff would further show that his damages greatly exceed the sum of $500,000 and the same would reasonably compensate him for his damages including but not limited to past, present and future: medical expenses, pain and suffering, physical disability and impairment, disfigurement, loss of enjoyment of life and mental anguish.

7.6     Plaintiff further sues for pre-judgment interest for the time period and amount allowed by law from the date of the accident until the day of judgment.

## 8. MEDICAL EXPENSES

8.1     Plaintiff, would show that as a direct and proximate result of the above-mentioned injuries he has been caused to incur doctor bills, hospital bills, and other medical expenses in the past, is incurring the same at the present time and will, in all reasonable probability, continue to incur the same in the future.

8.2     Plaintiff expects his medical expenses to exceed $ 70,000.

        a.      These expenses were incurred for necessary care and treatment of the injuries resulting from the accident complained of.

        b.      They are reasonable and were the usual and customary charges made for services of the same kind in Dallas, Dallas County, Texas.

        c.      On this item of damage, Plaintiff further sues for pre-judgment interest for a period of six (6) months from the date of the accident until the day of judgment.

8.3     Plaintiff will also incur future medical expenses.

## 9. LOST WAGES

9.1.    Plaintiff would also show that as a direct and proximate result of the above-mentioned injuries, he has lost earnings and has sustained a diminished earning capacity.

9.2     At the time of the incident complained of, Plaintiff, was gainfully employed as a scanner repair technician.

        a.      As a result of the injuries sustained, Plaintiff has suffered impairment and has been required to reduce his work duties since the accident.

        b.      He has been damaged as a result in the sum which exceeds the Court's jurisdiction and Plaintiff would show that $500,000 would compensate him for his lost earnings.

9.3     It is reasonably probable that Plaintiff's physical impairment resulting from the foregoing injuries is of a lasting nature and that his earning capacity will be diminished for the balance of his life.   Plaintiff would show that $ $500,000 would reasonably compensate him for such damages.

        The aforementioned acts and omissions with constitute negligence and negligence per se were the proximate cause of serious bodily injuries and damages to Plaintiff.   By and through

such acts and/or omissions of said Defendant, Plaintiff has been made to suffer damages in many respects, including but not limited to the following particulars, to wit:

a.     Plaintiff, suffered extreme pain, suffering and mental anguish in the past and present, an will in all likelihood continue to suffer such pain, suffering and mental anguish in the future;

b.     Plaintiff has incurred extensive medical expenses, in the past and in the present, and in all likelihood will continue to incur extensive medical expenses in the future;

c.     Plaintiff has suffered loss of physical capacity, other than wage earning capacity, in the past and present and will in all likelihood continue to suffer such loss of physical capacity, other than wage earning capacity, in the future;

d.     Plaintiff has suffered physical impairment and/or disfigurement, in the past and present, and will in all likelihood continue to suffer such loss of physical impairment in the future.

e.     Plaintiff has suffered loss of earning in the past and present and loss of earning capacity in the future.

In addition, if it be shown that Plaintiff suffered from some preexisting injury, disease and/or condition, then such was aggravated and exacerbated as a proximate result of the occurrence make the basis of this suit.  Further, at the time there were injuries, Plaintiff was an active Male of his age.

Defendant is hereby given notice that upon trial of this cause, expert testimony and/or a certified copy of the appropriate documents indicating Plaintiff's life expectancy will be introduced into evidence at the time of trial of this cause.

Plaintiff respectfully assert his request that He be allowed to have his elements of damages considered separately and individually in compensating Plaintiff for his losses, injuries, damages incurred, and damages to be incurred; and that each element of said damages be considered separately and individually, segregating past and future losses, so that pre-judgment interest due to said Plaintiff, may be computed as determined and allowed under the laws of the State of Texas.

<strong>PRAYER</strong>

Plaintiff, prays that Defendant be duly cited to appear and answer herein and that upon final trial hereof; Plaintiff, have judgment against the Defendant, for the full amount of their damages  actual and exemplary damages, with interest thereon at the maximum legal rate, both pre-judgment and post judgment, that Plaintiff have and recover costs of Court against the said Defendant and that Plaintiff have and receive such other relief, general and specific, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: __/s/__Jerry Alcorn
Jerry Alcorn    SBN 00977500
3565 W. Walnut, Suite E
Garland, Texas 75042
972- 424-5337  Jerry@Alcornlegal.com
Attorney for Plaintiff

FILED
11/10/2021 12:22 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

1 CIT-ESERVE

*Law Office of*

# JERRY ALCORN

*3565 W. Walnut Street, Suite E*
*Garland, Texas 75042*
*972-424-5337*
*Jerry@Alcornlegal.com*

November 10, 2021

Dallas County District Court Clerk
600 Commerce Street
Dallas, TX 75202

Re: Roger Geary v. American Science and Engineering, Inc. DC- DC-21-16320

Dear Court Clerk:

Please issue a citation in the above-mentioned case.

Issue citation to:

American Science and Engineering, Inc., Corporation Service Company d/b/a CSC-lawyers Incorporating Service Company, at the corporation's registered address, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

Please send the citation to my email address: Jerry@Alcornlegal.com.

Thank you for your prompt attention to this matter.

*Jerry Alcorn*

**EXHIBIT**

**2**

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:   **AMERICAN SCIENCE AND ENGINEERING INC**
      **D/B/A RAPISCAN SYSTEMS,DEFENDANT**
      **REGISTERED AGENT CORPORATION SERVICE COMPANY**
      **DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY**
      **211 E 7TH ST STE 620**
      **AUSTIN TX 78701-3136**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition
to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this
suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find
out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **68th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ROGER GEARY**

Filed in said Court  **8th day of November, 2021** against

**AMERICAN SCIENCE AND ENGINEERING INC D/B/A RAPISCAN SYSTEMS,**
**DEFENDANT**

For Suit, said suit being numbered **DC-21-16320,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of November, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      COURTNEY RUTLEDGE

---

**ESERVE**

**CITATION**

**DC-21-16320**

**ROGER GEARY**
**vs.**
**AMERICAN SCIENCE AND ENGINEERING**
**INC**

ISSUED THIS
**17th day of November, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
**JERRY A ALCORN**
3565 W WALNUT STREET
SUITE E
GARLAND      TX 75042
972-424-5337
jerry@alcornlegal.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**EXHIBIT**

**3**

# OFFICER'S RETURN

Case No. :  DC-21-16320

Court No.68th District Court

Style: ROGER GEARY

 vs.

AMERICAN SCIENCE AND ENGINEERING INC

Came to hand on the _____day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____, within the County of _____

at _____ o'clock _____ .M. on the _____day of_____, 20 _____, by delivering to the within named

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles

and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
12/21/2021 11:35 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Jenifer Trujillo DEPUTY

Cause No. ___DC-21-16320___

| | | |
|---|---|---|
| ROGER GEARY, <br>   PLAINTIFF | § | IN THE DISTRICT COURT |
| | | |
| vs. | | |
| AMERICAN SCIENCE AND <br> ENGINEERING, INC. <br>   d/b/a RAPISCAN SYSTEMS, | § | 68th   JUDICIAL DISTRICT |
|   DEFENDANT | § | OF DALLAS, COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

Roger Geary, Plaintiff, complains of American Science and Engineering, Inc., Defendant, and for cause of action would respectfully show the Court as follows:

### 1. DISCOVERY CONTROL PLAN

1.1    Plaintiff requests a Level 2 discovery plan.

### 2. PARTIES

2.1    Plaintiff is Roger Geary, an individual who resides in the City of Garland, Dallas, County, Texas.

2.2    Defendant, American Science and Engineering, Inc., 829 Middlesex Turnpike, Billerica, MA USA 01821 is a Texas corporation purportedly duly organized under the laws of Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-lawyers Incorporating Service Company, at the corporation's registered address, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

### 3. FACTS

3.1    On or about November 8, 2019 Plaintiff, was working for Defendant in his course and scope of business repairing a scanning machine. The company policy was to use lifts to carry

EXHIBIT
4

tools to the top of the scanning machines. Plaintiff's employer told Plaintiff no lift was available and to carry the tools himself and get the job done as soon as possible.

3.2     Plaintiff hurt his back carrying the heavy tools. Plaintiff reported the injury to his employer then traveled back to Texas to seek medical treatment.

3.3     Plaintiff was informed by the Defendant that they had worker's compensation insurance. Plaintiff made a claim with the Texas Department of Insurance, Worker's Compensation Division and the claim was denied because Defendant does not have worker's compensation insurance.

## 4.  CAUSE OF ACTION AND VENUE

4.1     This suit is brought in accordance with the laws of the State of Texas for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiffs are entitled to receive as compensation for the injuries described below.

4.2     Plaintiff is a resident of Dallas, County, Texas.

4.3     Accordingly the Court has jurisdiction over this matter and Venue is proper in Dallas County, Texas.

## 5. CAUSE OF ACTION AGAINST DEFENDANT

5.1     Plaintiff alleges that, Defendant was negligent and that Defendant's negligence proximately caused the incident wherein Plaintiff sustained personal injuries. Plaintiff's damages are in excess of the court's minimum jurisdictional limits.

5.2     Defendant was negligent as follows:

    a.      In failing to provide a safe work environment,

    b.      In failing to provide lift assistance for carrying tools in excess of fifty pounds up a ladder,

    c.      In failure to provide the proper safety harness and equipment to climb a ladder.

### 6. Alternative claims

**Course and Scope of Employment:**

6.1     On or about November 8, 2019 which was the date of the incident which caused Plaintiff's injuries, Plaintiff was acting in the course and scope of his employment and an agent or servant for and on behalf of Defendant

**Gross Negligence:**

6.2     At the time the of the incident complained of herein, Defendant:

    a.      Knew the proper lift equipment was needed to carry tools over fifty pounds to the top of a structure and the order was in violation of company policy;

    b.      Knew scaling a ladder carrying heavy equipment is extremely dangerous but disregarded the know danger; and

    c.      Was aware of the extreme danger and ordered Plaintiff to carry the heavy tools and equipment and knew it would result in injury to the Plaintiff.

Plaintiff would show that Defendant's conduct constitutes a reckless disregard for the rights of others and /or was the result of conscious indifference to the rights, welfare and safety of others. Accordingly, Defendant was grossly negligent and such gross negligence was a proximate cause of Plaintiff's damages. Plaintiff is therefore entitled to recover punitive damages from Defendant.

### 7.  PERSONAL INJURIES

7.1     Plaintiff alleges that as a direct and proximate result of the negligent conduct of the Defendant, he has suffered and is suffering from severe bodily injuries to his head, neck, back, shoulders and legs resulting in injury to his or her body as a whole.

7.2     In connection with such injuries, Plaintiff has suffered severe physical pain and mental anguish in the past and is suffering at the present, and in all reasonable probability will continue to suffer for the rest of his or her life.

7.3     Plaintiff has necessarily incurred reasonable medical expenses in the past in the proper diagnosis, care and treatment of his injuries. The injuries are such that, in reasonable probability, he will necessarily continue to incur reasonable medical expenses in the future for the proper care and treatment of the injuries.

7.4     Plaintiff has sustained physical pain, mental anguish, physical impairment and disfigurement in the past, and will, in reasonable probability, sustain sustained physical pain, mental anguish, physical impairment and disfigurement in the future. Plaintiff has lost wages in the past and his injuries are such that, in reasonably probability, He will suffer a loss of wage-earning capacity in the future.

7.5     Plaintiff would further show that his damages greatly exceed the sum of $500,000 and the same would reasonably compensate him for his damages including but not limited to past, present and future: medical expenses, pain and suffering, physical disability and impairment, disfigurement, loss of enjoyment of life and mental anguish.

7.6     Plaintiff further sues for pre-judgment interest for the time period and amount allowed by law from the date of the accident until the day of judgment.

## 8. MEDICAL EXPENSES

8.1     Plaintiff, would show that as a direct and proximate result of the  above-mentioned injuries he has been caused to incur doctor bills, hospital bills, and other medical expenses in the past, is incurring the same at the present time and will, in all reasonable probability, continue to incur the same in the future.

8.2     Plaintiff expects his medical expenses to exceed $ 70,000.

     a.     These expenses were incurred for necessary care and treatment of the injuries resulting from the accident complained of.

     b.     They are reasonable and were the usual and customary charges made for services of the same kind in Dallas, Dallas County, Texas.

     c.     On this item of damage, Plaintiff further sues for pre-judgment interest for a period of six (6) months from the date of the accident until the day of judgment.

8.3     Plaintiff will also incur future medical expenses.

## 9. LOST WAGES

9.1.  Plaintiff would also show that as a direct and proximate result of the above-mentioned injuries, he has lost earnings and has sustained a diminished earning capacity.

9.2     At the time of the incident complained of, Plaintiff, was gainfully employed as a scanner repair technician.

     a.     As a result of the injuries sustained, Plaintiff has suffered impairment and has been required to reduce his work duties since the accident.

     b.     He has been damaged as a result in the sum which exceeds the Court's jurisdiction and Plaintiff would show that $500,000 would compensate him for his lost earnings.

9.3     It is reasonably probable that Plaintiff's physical impairment resulting from the foregoing injuries is of a lasting nature and that his earning capacity will be diminished for the balance of his life. Plaintiff would show that $ $500,000 would reasonably compensate him for such damages.

     The aforementioned acts and omissions with constitute negligence and negligence per se were the proximate cause of serious bodily injuries and damages to Plaintiff.  By and through

such acts and/or omissions of said Defendant, Plaintiff has been made to suffer damages in many respects, including but not limited to the following particulars, to wit:

a.      Plaintiff, suffered extreme pain, suffering and mental anguish in the past and present, an will in all likelihood continue to suffer such pain, suffering and mental anguish in the future;

b.      Plaintiff has incurred extensive medical expenses, in the past and in the present, and in all likelihood will continue to incur extensive medical expenses in the future;

c.      Plaintiff has suffered loss of physical capacity, other than wage earning capacity, in the past and present and will in all likelihood continue to suffer such loss of physical capacity, other than wage earning capacity, in the future;

d.      Plaintiff has suffered physical impairment and/or disfigurement, in the past and present, and will in all likelihood continue to suffer such loss of physical impairment in the future.

e.      Plaintiff has suffered loss of earning in the past and present and loss of earning capacity in the future.

In addition, if it be shown that Plaintiff suffered from some preexisting injury, disease and/or condition, then such was aggravated and exacerbated as a proximate result of the occurrence make the basis of this suit. Further, at the time there were injuries, Plaintiff was an active Male of his age.

Defendant is hereby given notice that upon trial of this cause, expert testimony and/or a certified copy of the appropriate documents indicating Plaintiff's life expectancy will be introduced into evidence at the time of trial of this cause.

Plaintiff respectfully assert his request that He be allowed to have his elements of damages considered separately and individually in compensating Plaintiff for his losses, injuries, damages incurred, and damages to be incurred; and that each element of said damages be considered separately and individually, segregating past and future losses, so that pre-judgment interest due to said Plaintiff, may be computed as determined and allowed under the laws of the State of Texas.

## PRAYER

Plaintiff, prays that Defendant be duly cited to appear and answer herein and that upon final trial hereof; Plaintiff, have judgment against the Defendant, for the full amount of their damages actual and exemplary damages, with interest thereon at the maximum legal rate, both pre-judgment and post judgment, that Plaintiff have and recover costs of Court against the said Defendant and that Plaintiff have and receive such other relief, general and specific, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

By:    /s/   Jerry Alcorn
Jerry Alcorn    SBN 00977500
3565 W. Walnut, Suite E
Garland, Texas 75042
972- 424-5337  Jerry@Alcornlegal.com
Attorney for Plaintiff

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jerry Alcorn
Bar No. 00977500
Jerry@AlcornLegal.com
Envelope ID: 60218173
Status as of 12/21/2021 11:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JERRY ALCORN | | Jerry@Alcornlegal.com | 12/21/2021 11:35:02 AM | SENT |

68TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 510-B
DALLAS, TEXAS 75202-4630
214-653-6510

January 12, 2022

AMERICAN SCIENCE AND ENGINEERING INC
REGISTERED AGENT CORPORATION SERVICE COMPANY
DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX  78701-3136

Re:    DC-21-16320,         ROGER GEARY  vs.  AMERICAN SCIENCE AND ENGINEERING INC

## <u>NOTICE OF INTENT TO DISMISS</u>

Please take notice that, pursuant to Rule 165A of the Texas Rule of Civil Procedure and the Court's inherent power, the Court intends to dismiss the above captioned action for want of prosecution for one or more of the following reasons:

()  Plaintiff has yet to obtain service on one or more defendants.

()  Plaintiff has yet to file a motion for default judgment against one or more defendants, though defendant was served and time to answer has expired.

()  Plaintiff's motion for default judgment was denied.

()  Failure to attend scheduling conference or provide an agreed scheduling order prior to scheduling conference date.

()  Parties have yet to provide a judgment following verdict at trial.

()  Parties have yet to provide a judgment/dismissal following announcement of settlement.

()  Other reasons reflected in the file.

Hearing is set for **03/14/2022 @ 9:00 A.M.**  If you wish to retain the case on the docket, you **<u>must appear at the hearing, or contact the Coordinator in a reasonable amount of time prior to the hearing</u>** to request an extension.  Failure to appear and show good cause why this case should not be continued on the court's docket will result in dismissal.

Sincerely,
Martin J. Hoffman
District Judge
68th District Court
Dallas County, Texas

EXHIBIT
5

CAUSE NO. DC-21-16320

| | | |
|---|---|---|
| ROGER GEARY, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 68TH JUDICIAL DISTRICT |
| AMERICAN SCIENCE AND | § | |
| ENGINEERING, INC., d/b/a RAPISCAN | § | |
| SYSTEMS, | § | |
|     Defendants. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT**

PLEASE TAKE NOTE THAT, on March 8, 2022, Defendant American Science and Engineering, Inc., d/b/a Rapiscan Systems, filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing this matter to the United States District Court for the Northern District of Texas. A true and correct copy of the Notice of Removal is attached as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that, upon the filing of the Notice of Removal with the Clerk of the United States District Court for the Northern District of Texas, the Defendant has effected removal and the District Court shall proceed no further in this action unless and until this case is remanded pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

**LASATER & MARTIN, P.C.**
5605 N. MacArthur Boulevard, Suite 320
Las Colinas, Texas 75038
Janet B. Martin: (303) 730-3900
Katie L. Spring: (972) 587-0390
Facsimile: (972) 525-5327
Janet@LasaterandMartin.com
KSpring@LasaterandMartin.com
*/s/ Katie L. Spring*
**JANET B. MARTIN**
State Bar No. 02062000
**KATIE L. SPRING**
State Bar No. 24055163
**ATTORNEYS FOR DEFENDANTS**

**EXHIBIT**

**6**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument was filed and served on all counsel of record via *Efile.TxCourts.gov* in accordance with the Texas Rules of Civil Procedure on March 8, 2022.

***<u>Counsel for Plaintiff</u>***
Jerry Alcorn
3565 W. Walnut, Suite E
Garland, TX 75042
972-424-5337
Jerry@Alcornlegal.com


*/s/ Katie L. Spring*
Katie L. Spring

## Case Information

DC-21-16320 | ROGER GEARY vs. AMERICAN SCIENCE AND ENGINEERING INC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-16320 | 68th District Court | HOFFMAN, MARTIN |
| File Date | Case Type | Case Status |
| 11/08/2021 | OTHER PERSONAL INJURY | OPEN |

## Party

PLAINTIFF
GEARY, ROGER

Active Attorneys ▾
Lead Attorney
ALCORN, JERRY A
Retained

DEFENDANT
AMERICAN SCIENCE AND ENGINEERING INC

  Aliases
  *DBA* RAPISCAN SYSTEMS
Address
REGISTERED AGENT CORPORATION SERVICE COMPANY
DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3136

EXHIBIT

7

## Events and Hearings

| |
|---|
| 11/08/2021 NEW CASE FILED (OCA) - CIVIL |

11/08/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

11/10/2021 REQUEST FOR SERVICE ▾

LETTER

11/10/2021 ISSUE CITATION ▾

CITATION- AMERICAN SCIENCE AND ENGINERRING INC

11/17/2021 CITATION ▾

**Unserved**

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**AMERICAN SCIENCE AND ENGINEERING**

12/21/2021 AMENDED PETITION ▾

1ST AMENDED PETITION

Comment
**1ST**

03/14/2022 DISMISSAL FOR WANT OF PROSECUTION ▾

Dismissal Notice

Dismissal Notice

Judicial Officer
**HOFFMAN, MARTIN**

Hearing Time
**8:58 AM**

Comment
**1ST SETTING ON DWOP - EITHER SERVICE IS NEEDED OR A DEFAULT - MLD NTC TO PLT ATTY**

## Financial

GEARY, ROGER

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $300.00 |
| | Total Payments and Credits | | | $300.00 |
| 11/9/2021 | Transaction Assessment | | | $292.00 |
| 11/9/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 74693-2021-DCLK | GEARY, ROGER | ($292.00) |
| 11/12/2021 | Transaction Assessment | | | $8.00 |
| 11/12/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 75637-2021-DCLK | GEARY, ROGER | ($8.00) |

## Documents

ORIGINAL PETITION

LETTER

CITATION- AMERICAN SCIENCE AND ENGINERRING INC

1ST AMENDED PETITION

Dismissal Notice

Dismissal Notice